Griffith H. Hayes, Esq.
Nevada Bar No. 7374
Andrew R. Muehlbauer
Nevada Bar No. 10161
**COOKSEY, TOOLEN, GAGE, DUFFY & WOOG**
  A Professional Corporation
3930 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  (702) 949-3100
Facsimile:   (702) 949-3104
E-mail: ghayes@cookseylaw.com
E-mail: amuehlbauer@cookseylaw.com

*Counsel for Robert W. Kegley, Sr.  and*
*Proposed Liaison Counsel for the Class*

**BROWER PIVEN**
  A Professional Corporation
Charles J. Piven
Yelena Trepetin
World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 332-0030
Facsimile:  (410) 685-1300
E-mail: piven@browerpiven.com
E-mail: trepetin@browerpiven.com

*Counsel for Robert W. Kegley, Sr.  and*
*Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT LOWINGER, Individually and on behalf of all others similarly situated<br><br>              Plaintiff,<br><br>     v.<br><br>MGM MIRAGE, J. TERRENCE LANNI, JAMES J. MURREN, DANIEL J. D'ARRIGO and ROBERT H. BALDWIN,<br><br>              Defendants | Civil Action No. 2:09-CV-01558-BES-LRL<br><br>**MEMORANDUM IN SUPPORT OF MOTION OF ROBERT W. KEGLEY, SR. TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL** |

| | |
|---|---|
| KHACHATUR HOVHANNISYAN, Individually and on behalf of all others similarly situated<br><br>   Plaintiff,<br>   v.<br><br>MGM MIRAGE, J. TERRENCE LANNI, JAMES J. MURREN, DANIEL J. D'ARRIGO and ROBERT H. BALDWIN,<br><br>   Defendants | **Civil Action No. 2:09-CV-2011-LRH-RJJ** |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………….…1

PROCEDURAL BACKGROUND……………………………………………………………2

STATEMENT OF FACTS……………………………………………………………….….3

ARGUMENT……………………………………………………………………………….4

I.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS…………….4

II.   MR. KEGLEY SHOULD BE APPOINTED
      LEAD PLAINTIFF………………………………………………………………5

      A.   The Procedural Requirements Pursuant to the PSLRA………………………..5

      B.   Mr. Kegley Is "The Most Adequate Plaintiff"…………..……………...……..6

           1.   Mr. Kegley Has Complied With The
                PSLRA and Should Be Appointed Lead Plaintiff……………………...6

           2.   Mr. Kegley Has The Largest Financial Interest…………….…………7

           3.   Mr. Kegley Satisfies The Requirements Of Rule 23……………..……. 7

                i.  Mr. Kegley's Claims Are Typical Of The Claims
                    Of All The Class Members…………………………………….....8

                ii. Mr. Kegley Will Adequately Represent
                    The Class……………………………………………………………9

III.  THE COURT SHOULD APPROVE MR. KEGLEY'S
      CHOICE OF LEAD COUNSEL…………………………………………………....10

CONCLUSION…………………………………………………………………………….11

**PRELIMINARY STATEMENT**

Mr. Robert W. Kegley, Sr. ("Mr. Kegley" or "Movant") submits this memorandum in support of his motion: (1) to consolidate, pursuant to Fed. R. Civ. P. 42, the related securities fraud class actions filed against MGM Mirage ("MGM" or Company") and other defendants ("collectively, "Defendants");[1] (2) to be appointed Lead Plaintiff in these Actions pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) for approval of his selection of the law firm of Brower Piven, A Professional Corporation ("Brower Piven"), as Lead Counsel for Lead Plaintiff and the Class, and the law firm of Cooksey, Toolen, Gage, Duffy & Woog, A Professional Corporation ("Cooksey Firm"), as Liaison Counsel for Lead Plaintiff and the Class.

As described in the Schedule of Transactions and Losses for Robert W. Kegley, Sr. attached to the Declaration Of Griffith H. Hayes In Support Of The Motion Of Robert W. Kegley, Sr. To Consolidate Related Actions; To Be Appointed Lead Plaintiff; And To Approve Proposed Lead Plaintiff's Choice Of Counsel ("Hayes Decl."), at Exhibit B, Mr. Kegley has suffered a loss of approximately $1,703,877.00 as a result of his purchases of shares of MGM securities between August 2, 2007 and March 5, 2009, inclusive (the "Class Period"). To the best of his knowledge, Mr. Kegley has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff in these Actions.

---

[1] The related securities fraud class actions in this Court include the following cases: *Lowinger v. MGM Mirage, et al.*, No. 2:09-cv-01558-BES-LRL (D. Nev.; filed Aug. 19, 2009) ("*Lowinger*"); and *Hovhannisyan v. MGM Mirage, et al.*, No. 2:09-cv-02011-LRH-RJJ (D. Nev.; filed Oct. 15, 2009) ("*Hovhannisyan*") (collectively, the "Actions"). The Class Periods in the Actions are identical.

In addition to evidencing the largest financial interest in the outcome of this litigation, Mr. Kegley's Plaintiff's Certification demonstrates his intent to serve as Lead Plaintiff in this litigation ("… [I am] willing to serve as a lead plaintiff … who acts on behalf of other class members in directing the action… [my] ability to share in any recovery as a member of the class is unaffected by [my] decision to serve as a representative party"), including his cognizance of his duties of serving in that role.[2] (*See* Hayes Decl., Exhibit A ¶¶3, 6.)  Mr. Kegley fully understands his duties and responsibilities to the proposed class (the "Class"), and is willing and able to oversee the vigorous prosecution of these Actions.  Mr. Kegley is presumptively the "most adequate plaintiff."

## PROCEDURAL BACKGROUND

The first lawsuit, *Lowinger*, was filed on August 19, 2009 in this Court.  Thereafter, on October 15, 2009, the *Hovhannisyan* Action was filed alleging the same or similar claims.  Pursuant to 15 U.S.C. §78u-4(a)(3)A)(i), on August 19, 2009, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (October 19, 2009).  (*See* Hayes Decl., Exhibit C at 1.)

Mr. Kegley is a member of the Class by virtue of his purchase of MGM shares during the Class Period (*see* Hayes Decl., Exhibit A at 2) and he has timely moved within the 60 day period

---

[2] The PSLRA authorizes any member or group of members of the putative Class seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  A copy of Mr. Kegley's Plaintiff's Certification reflecting his transactions in MGM securities during the Class Period is attached as Exhibit A to the Hayes Declaration.

[4] The factual allegations set forth herein are taken from the complaint in *Lowinger*.

following publication of the August 19, 2009 notice as required for appointment as Lead Plaintiff under the PSLRA.

## STATEMENT OF FACTS[4]

MGM describes itself as one of the world's leading development companies with significant gaming and resort operations. MGM acts largely as a holding company and its operations are predominately conducted through its wholly owned subsidiaries. The Company primarily owns and operates casino resorts, and offers gaming, hotel, dining, entertainment, retail and other resort amenities. The Complaint alleges that during the Class Period, Defendants issued materially false and misleading statements concerning its revenues and earnings, its liquidity, and its prospects for development of its CityCenter project, all while Company insiders sold almost $90 million of personal holdings of the Company's stock.

The Company also concealed material adverse facts, including that: it was becoming increasingly less likely that the Company would be able to line up sufficient financing to fund its portion of the CityCenter project, as a result of tightening credit markets; MGM was not insulated from the deterioration in the credit markets; MGM's transaction partners were not insulated from the day-to-day fluctuations in the credit markets; that MGM's prospects and financial condition were contingent on servicing the massive amounts of debt that it had coming due and the continued prosperity of the Las Vegas market, which was beginning to show signs of weakness; that Defendants unduly exposed the Company to an unreasonable degree of risk in connection with financing the CityCenter project; that MGM's financial performance was not a reasonable indicator of future trends in the industry; and that MGM did not have sufficient "financial flexibility" to weather deteriorating economic conditions, because the availability of capital under MGM's credit facility was contingent on the Company's financial results, which

were vulnerable to an industry slowdown. Finally, in response to the disclosures at the end of the Class Period concerning MGM's precarious financial condition, the Company's stock price plummeted for five consecutive trading days, beginning on February 27, 2009 and continuing through March 5, 2009. As a result of Defendants' materially misleading statements during the Class Period, Mr. Kegley and other Class members purchased the Company's securities at artificially inflated prices, causing them damages following disclosures that caused the stock to plummet.

## ARGUMENT

**I.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS**

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (*see* FED. R. CIV. P. 42(a))[5] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(iii) of the Exchange Act addresses the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered . . . .

*See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The related Actions are suited for consolidation. The class action complaints are all brought by purchasers of MGM securities against the same Defendants. The complaints allege the same Class Period and contain similar allegations charging Defendants with making false and

---

[5] *See* Fed. R. Civ. P. 42(a): "Consolidation. If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

4

misleading statements, and omitting material information concerning the Company's business during the relevant period.[6]  While district courts have significant discretion in determining the propriety of consolidation, they have recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and/or reports.  *See Taubenfeld v. Career Educ. Corp.*, No. 03 C 8884, 2004 U.S. Dist. LEXIS 4363, at *3-4 (N.D. Ill. Mar. 19, 2004).  Differences between particular defendants, damages, and/or class periods do *not* defeat the appropriateness of consolidation for federal securities cases based upon the same underlying facts.  *See In re Microstrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000).  Therefore, this Court should consolidate the related Actions.

## II.     MR. KEGLEY SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a strict, detailed procedure for the selection of Lead Plaintiff to oversee a securities class action.  *See* 15 U.S.C.  §78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class members of their right to file a motion for appointment as Lead Plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Plaintiff in the first-filed *Lowinger* Action published a notice through *Business Wire* on August 19, 2009.  (*See* Hayes Decl., Exhibit C.)[7]  This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be October 19,

---

[6] This information is based on the review of the complaints in the above-identified Actions available on PACER at the time of the filing of this Motion.

[7] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 403 (S.D.N.Y. 2004).

5

2009.  Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in these Actions.  15 U.S.C. §78u-4(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members.  15 U.S.C. §78u-4(a)(3)(B)(i); *Stocke v. Shuffle Master, Inc.*, No. 2:07-00715, 2007 U.S. Dist. LEXIS 91535, at *4-5 (D. Nev. Nov. 29, 2007).  In making this determination, the statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa)  has either filed the complaint or made a motion in response to a notice…
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### B.  Mr. Kegley Is "The Most Adequate Plaintiff"

#### 1.  Mr. Kegley Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff

Mr. Kegley moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period required by the PSLRA.  The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on August 19, 2009.  Accordingly, Mr. Kegley meets the

requirements of 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa) and has filed his motion by October 19, 2009.

Moreover, Mr. Kegley has the largest known financial interest in the relief sought from his investment in MGM securities. Mr. Kegley has shown his willingness to represent the Class by signing the sworn Plaintiff's Certification detailing his MGM transaction information during the Class Period and confirming his willingness to discharge the obligations of a class representative in these Actions. (*See* Hayes Decl., Exhibit A at 1.)

In addition, Mr. Kegley has selected and retained highly competent counsel with significant experience in securities class action litigation and other complex litigation to represent the Class. The firm resumes of proposed Lead Counsel, Brower Piven, and proposed Liaison Counsel, the Cooksey Firm, are attached as Exhibits D and E, respectively, to the Hayes Declaration.

### 2. Mr. Kegley Has the Largest Financial Interest

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Stocke*, 2007 U.S. Dist. LEXIS 91535, at *5-6. As demonstrated herein, Mr. Kegley, with losses of approximately $1,703,877.00 (*see* Hayes Decl., Exhibit B), has the largest known financial interest in the relief sought by the Class.

### 3. Mr. Kegley Satisfies the Requirements of Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. *See Siegall v. Tibco Software, Inc.*, No. 05-2146, 2006 U.S. Dist. LEXIS 26780, at *15 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff, the requirements of 'typicality' and adequacy of representation are key factors."). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV-06-31, 2006 U.S. Dist. LEXIS 40607, at *16 (C.D. Cal. May 1, 2006) ("At the lead plaintiff appointment stage, the Rule 23 inquiry is not as searching as it would be on a motion for class certification; the prospective lead plaintiff need only make a prima facie showing that it meets the typicality and adequacy factors").

As detailed below, Mr. Kegley satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff. Mr. Kegley has claims that are typical of those of other Class Members and he can adequately serve as Lead Plaintiff.

      i. **Mr. Kegley's Claims Are Typical Of the Claims Of All The Class Members**

Under Rule 23(a)(3), typicality exists where "the claims … of the representative parties" are "typical of the claims … of the class." The typicality requirement of Rule 23(a)(3) is

satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Crossen v. CV Therapeutics*, No. 03-03709, 2005 U.S. Dist. LEXIS 41396, *13 (N.D. Cal. Aug. 9, 2005). In this case, the typicality requirement is met because the claims of Mr. Kegley are identical to, and non-competing and non-conflicting with, the claims of the other Class members. Mr. Kegley purchased MGM securities during the Class Period when the stock prices were artificially inflated as a result of Defendants' misrepresentations and omissions, and thus, both Mr. Kegley and the Class Members suffered damages as a result of these purchases. Therefore, Mr. Kegley's claims are like the claims of each member of the class [and] arise from the same events leading to the same typical claims. *Stocke*, 2007 U.S. Dist. LEXIS 91535, at *8. Mr. Kegley is not subject to any unique or special defenses. Thus, Mr. Kegley meets the typicality requirement of Fed. R. Civ. P. 23 because his claims are the same as the claims of the other Class members.

### ii. Mr. Kegley Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B).

Mr. Kegley's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Mr. Kegley and the other Class members, but Mr. Kegley has a significant, compelling interest in prosecuting these Actions to a successful conclusion based upon the very large financial loss of approximately $1,703,877.00 that he has

suffered as a result of the wrongful conduct alleged in these Actions.  This motivation, combined with Mr. Kegley's identical interests with the members of the Class, demonstrates that Mr. Kegley will vigorously pursue the interests of the Class.  In addition, Mr. Kegley has selected law firms to represent him and the Class that are highly experienced in litigating complex actions.

In sum, because of Mr. Kegley's common interests with the Class members, his clear motivation and ability to vigorously pursue these Actions, and his competent counsel, Mr. Kegley meets the adequacy requirement of Fed. R. Civ. P. 23.  Since Mr. Kegley meets both the typicality and adequacy requirements of Fed. R. Civ. P. 23, and has sustained the largest amount of losses from Defendants' alleged wrongdoing, Mr. Kegley is the presumptive Lead Plaintiff in accordance with 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and he should be appointed as such to lead these Actions.

### III. THE COURT SHOULD APPROVE MR. KEGLEY'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Kegley has selected Brower Piven and the Cooksey Firm to serve as Lead Counsel and Liaison Counsel, respectfully, for Lead Plaintiff and the Class.  Brower Piven has not only prosecuted complex securities fraud class actions, but has also successfully prosecuted many other types of complex class actions as lead and/or class counsel.  (*See* Hayes Decl., Exhibit D at 1-5.)  In addition, the Cooksey Firm is a well respected law firm, and its attorneys have experience litigating complex actions.  (*See* Hayes Decl., Exhibit E at 5.)  This Court may be

assured that in the event that Mr. Kegley's Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## **CONCLUSION**

For all of the foregoing reasons, Mr. Kegley respectfully requests that this Court enter an order (1) consolidated all related Actions; (2) appointing Mr. Kegley to serve as Lead Plaintiff; (3) approving Mr. Kegley's selection of Lead Counsel and Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper

Dated: October 19, 2009

Respectfully Submitted,

**COOKSEY, TOOLEN, GAGE, DUFFY & WOOG**
 A Professional Corporation

 /s/   Griffith H. Hayes_____
Griffith H. Hayes, Esq.
Nevada Bar No. 7374
Andrew R. Muehlbauer
Nevada Bar No. 10161
3930 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  (702) 949-3100
Facsimile:   (702) 949-3104
E-mail: ghayes@cookseylaw.com
E-mail: amuehlbauer@cookseylaw.com

*Counsel for Robert W. Kegley, Sr. and Proposed Liaison Counsel for the Class*

**BROWER PIVEN**
 A Professional Corporation
David A.P. Brower
Jessica Sleater
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile:  (212) 501-0300

**BROWER PIVEN**
 A Professional Corporation
Charles J. Piven
Yelena Trepetin
World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 332-0030
Facsimile:  (410) 685-1300

*Counsel for Robert W. Kegley, Sr. and Proposed Lead Counsel for the Class*