GOODMAN LAW GROUP
ROSS C. GOODMAN (Nevada Bar #7722)
520 South Fourth Street, 2nd Floor
Las Vegas, NV  89101
Telephone:  702/383-5088
702-385-5088 (fax)

[Proposed] Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
ARTHUR C. LEAHY
BRIAN O'MARA (Nevada Bar #8214)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KHACHATUR HOVHANNISYAN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>MGM MIRAGE, et al.,<br><br>      Defendants. | No. 2:09-cv-02011-LRH-RJJ<br><br><u>CLASS ACTION</u><br><br>PMT'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. SUMMARY OF THE ACTION............................................................................................2

III. ARGUMENT..........................................................................................................................3

    A. PMT Should Be Appointed Lead Plaintiff...................................................................3

        1. PMT Has Timely Moved for Appointment as Lead Plaintiff......................4

        2. PMT Has the Requisite Financial Interest in the Relief Sought by the Class...................................................................................................4

        3. PMT Otherwise Satisfies Rule 23................................................................5

    B. PMT's Selection of Lead Counsel Should Be Approved .........................................7

IV. CONCLUSION.......................................................................................................................8

Putative class member Stichting Pensioenfonds Metaal en Techniek ("PMT") hereby moves this Court for an order: (1) appointing PMT as lead plaintiff in the above-captioned action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; (2) approving lead plaintiff's selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel; and (3) granting such other and further relief as the Court may deem just and proper.

This motion is made on the grounds that PMT is entitled to the presumption that it is the "most adequate plaintiff" to serve as lead plaintiff pursuant to the Securities Exchange Act of 1934 ("the Exchange Act"). *See* 15 U.S.C. §78u-4(a)(3)(B). PMT possesses the largest financial interest of any member of the putative class of which it is aware. Additionally, it meets the requirements of Rule 23(a) of the Federal Rules of Civil Procedure because its claims are typical of the class members' claims and because it will fairly and adequately represent the class.

Further, PMT has selected and retained the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"), a national law firm with extensive experience in prosecuting securities fraud actions, to serve as lead counsel. PMT thus seeks this Court's approval of its selection of Coughlin Stoia as lead counsel, pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

This motion is based upon the instant motion, the memorandum of points and authorities in support thereof, the declaration of Brian O. O'Mara, the pleadings and other files herein, and such other written or oral arguments as may be permitted by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Presently pending in this district is a securities class action lawsuit ("Action") brought on behalf of persons who purchased or otherwise acquired MGM Mirage ("MGM" or the "Company")

securities between August 2, 2007 and March 5, 2009, inclusive (the "Class Period"), seeking to pursue remedies under the Exchange Act.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23.[1] *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Here, PMT should be appointed lead plaintiff because it: (1) timely filed its motion; (2) to its knowledge, has the largest financial interest in this litigation; and (3) will fairly and adequately represent the interests of the class.[2] *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* §III.A., *infra*.

## II.   SUMMARY OF THE ACTION

MGM describes itself as one of the world's leading development companies with significant gaming and resort operations. The Company primarily owns and operates casino resorts, and offers gaming, hotel, dining, entertainment, retail and other resort amenities.

During the Class Period, defendants made positive statements about the Company's revenues and earnings. At the same time, defendants made a series of materially false and misleading statements concerning MGM's liquidity and the prospects for the development of MGM's

---

[1] In addition, Congress's purpose in enacting the PSLRA was to encourage institutional investors, like PMT, to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

[2] PMT is an industry-wide pension fund for Dutch employees and employers in the engineering, mechanical and electrical contracting industries. With over 1 million participants, it is one of the largest pension funds in the Netherlands.

CityCenter. Prior to the disclosures of the true facts, MGM insiders sold close to $90 million worth of their personally held MGM stock to the unsuspecting public.

As the true facts about MGM's financial condition and the CityCenter problems leaked into the market, the inflation in MGM securities was removed, causing plaintiff and the members of the class damages.

## III.  ARGUMENT

### A.  PMT Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in actions arising under the Exchange Act that are brought as a plaintiff class action. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice was properly published. *See* Declaration of Brian O. O'Mara is Support of PMT's Motion for Appointment as Lead Plaintiff and Approval of Plaintiff's Selection of Counsel; Memorandum of Points and Authorities in Support Thereof ("O'Mara Decl."), Ex. C. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that within 90 days after publication of the notice courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

### 1. PMT Has Timely Moved for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, PMT has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class. PMT has also duly signed and filed a certification stating its willingness to serve as a representative party on behalf of the class. *See* O'Mara Decl., Ex. A. In addition, PMT has selected and retained counsel experienced in the prosecution of securities class actions to represent it and the class. *See id.*, Ex. D. Accordingly, PMT satisfies the filing requirements of the PSLRA, and is entitled to have its application for appointment as lead plaintiff considered by the Court. *See Cavanaugh*, 306 F.3d at 730.

### 2. PMT Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, PMT suffered losses of over $2 million in connection with its purchases of MGM securities. O'Mara Decl., Ex. B. Upon information and belief, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff with a larger financial interest. *See Cavanaugh*, 306 F.3d at 732.

- 4 -

### 3. PMT Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. *See Cavanaugh*, 306 F.3d at 730-32. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See id.*

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. *See* Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *Id.* Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See id.* The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.

PMT satisfies the typicality requirement of Rule 23 because, just like all other class members, it purchased MGM securities during the Class Period at artificially inflated prices and

- 5 -

suffered damages thereby. Thus, PMT's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Cavanaugh*, 306 F.3d at 732-33.

Here, PMT is an adequate class representative because its interest in aggressively pursuing the claims against defendants are clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market. There is no antagonism between PMT's interests and those of the other members of the class and, as demonstrated below, PMT's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Further, as an institutional investor, PMT is precisely the type of movant whose participation in securities class actions Congress sought to encourage through the passage of the PSLRA. As the Third Circuit has recognized:

> Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.

*In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690). Thus, PMT *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### B. PMT's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in lead plaintiffs to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, the Court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also* H.R. Conf. Rep. No. 104-369, at 19 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 698.

Here, PMT has selected Coughlin Stoia to serve as lead counsel, subject to this Court's approval. Coughlin Stoia is a 190-lawyer firm that is actively engaged in complex litigation, emphasizing securities, consumer and antitrust class actions. Coughlin Stoia possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002). Indeed, in approving the lead plaintiff's choice of Coughlin Stoia's lawyers as lead counsel in *Enron*, the Honorable Melinda Harmon found that its submissions stood out "in the breadth and depth of its research and insight." *Id*. at 458. Coughlin Stoia's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Thus, the Court can be assured that by approving PMT's choice of Coughlin Stoia as lead counsel, the class will receive the highest caliber of representation. *See* O'Mara Decl., Ex. D.


## IV. CONCLUSION

For the foregoing reasons, PMT respectfully requests that this Court (1) appoint it as Lead Plaintiff; and (2) approve its selection of Coughlin Stoia as Lead Counsel.

DATED:  October 19, 2009                    Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
ARTHUR C. LEAHY
BRIAN O. O'MARA


                    s/ BRIAN O. O'MARA
                     BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

GOODMAN LAW GROUP
ROSS C. GOODMAN
520 South Fourth Street, 2nd Floor
Las Vegas, NV  89101
Telephone:  702/383-5088
702/385-5088 (fax)

[Proposed] Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 19, 2009.

          s/ BRIAN O. O'MARA
          BRIAN O. O'MARA

          COUGHLIN STOIA GELLER
              RUDMAN & ROBBINS LLP
          655 West Broadway, Suite 1900
          San Diego, CA  92101-3301
          Telephone:  619/231-1058
          619/231-7423 (fax)

          E-mail: bomara@csgrr.com

# Mailing Information for a Case 2:09-cv-01558-RCJ-LRL

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Gregory L. Coburn**
  lcoburn@glaserweil.com,malvarez@glaserweil.com

- **Ross C Goodman**
  ross@goodmanlawgroup.com,mary@goodmanlawgroup.com

- **David C OMara**
  david@omaralaw.net

- **Joseph Russello**
  jrussello@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jeffrey S. Abraham
.
60 East 42nd Street
47th Floor
New York, NY 10165-

Jack G. Fruchter
One Penn Plaza
Suite 2805
New York, NY 10119

David A. Rosenfeld
Cauley Geller Bowman & Rudman, LLP
58 South Service Road
Suite 200
Melville, NY 11747

Samuel H Rudman
Cauley, Geller, Bowman & Rudman, LLP
200 Broadhollow Road
Suite 406
Melville, NY 11747
```